IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:07CR98 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **TENTATIVE FINDINGS** |
| **JAY C. BUTLER,** | ) ) | |
| Defendant. | ) ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 48). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), as orally amended at the change of plea hearing,[1] recommends a base offense level of 26 based on at least 20 but less than 35 grams of a mixture or substance containing a detectable amount of cocaine base and the November 1, 2007, amendments to the sentencing guidelines. The plea agreement includes no agreement or information relating to the Defendant's criminal history.

With respect to Count I, the PSR assigns a base offense level of 30 based on 45.5 grams of cocaine base. For Count III, which is not grouped, the PSR assigns a base

---

[1]The parties are advised that any oral amendment to a plea agreement, even when made in open court, should be reflected by interlineation in a subsequently filed amended plea agreement. Otherwise, as in this case, the probation officer and this Court were not on notice of the oral amendment until the filing of the transcript on August 13, 2007.

offense level of 24.  The PSR then applies the multiple count adjustment, reaching a combined adjusted offense level of 31.  The PSR applies a Chapter Four enhancement based on the Defendant's status as a career offender in light of his two previous robbery convictions set out in ¶¶ 53 and 54, resulting in offense level 34.  After allowing a 3-point reduction for acceptance of responsibility, the PSR reflects a total offense level of 31.

The Defendant objects to the following portions of the PSR: ¶¶ 21, 31 - drug quantity and base offense level; ¶¶ 37-51, 53-54, 58 - consideration of the robbery offenses described in ¶¶ 53 and 54 as unrelated offenses for purposes of calculating the Defendant's criminal history points and determining him to be a career offender; and ¶ 59 - information about alleged gang membership and association.  The objections are discussed below.

### ¶¶ 21, 31 - Drug Quantity, Base Offense Level

Because the Court concludes that the Defendant is a career offender, despite the plea agreement the objections to drug quantity and the base offense level are denied as moot.  However, if the Court's conclusion with respect to the career offender issue is altered at sentencing, these objections will be addressed and, barring unusual circumstances, the plea agreement as orally amended would be upheld.

### ¶¶ 37-51, 53-54, 58 - Career Offender, Criminal History Points

The Defendant argues that the robbery convictions set out in ¶¶ 53 and 54 are "related" cases pursuant to application note 3 to U.S.S.G. § 4A1.2, which provides:

> *Related Cases*.  Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest . . . .  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B), were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

2

The Defendant argues: in considering the two prior robberies committed in 2000, there was no intervening arrest; the offenses involved the same conduct, similar facts, the same modus operandi; and the two cases were pleaded together, resolved with the same attorneys and judge, and "consolidated," albeit without a formal order, for sentencing.

The issue of the relatedness of the two prior offenses determines both whether criminal history points should be assigned to both offenses pursuant to §§ 4A1.1 and 4A1.2 and whether the offenses are considered separate predicate offenses for purposes of determining that the Defendant is a career offender pursuant to § 4B1.2. U.S.S.G. § 4B1.2(c).

Since there was no intervening arrest, the inquiry turns to the remaining factors set out in application note 3 to § 4A1.2, namely whether the offenses: occurred on the same occasion; were part of a single common scheme or plan; or consolidated for trial or sentencing. In considering the issue of related prior offenses, the Eighth Circuit has stated generally that "all but the most closely related prior sentences" should be treated "as distinct criminal violations under § 4A1.2(a)(2)." *United States v. Berry,* 212 F.3d 391, 395 (8th Cir. 2000). The Eighth Circuit has "rejected a contention that the defendant's prior sentences were part of a single common scheme or plan simply because they both involved distribution of a controlled substance and occurred within a one-year period," noting that similar crimes are not always "related." *United States v. Mau,* 958 F.2d 234, 236 (8th Cir. 1992) (crimes were not related or part of a single common scheme or plan where both were drug crimes committed within a one-year period); *Berry,* 212 F.3d at 395 (setting out the Eighth Circuit's narrow interpretation of § 4A1.2 as it regards "related" cases, and concluding that Berry's prior crimes were not part of a single common scheme

3

or plan because both were drug crimes occurring during a one-year period). And finally, the Eighth Circuit law is clearly settled that "'two or more sentences imposed at the same time are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.'" *United States v. Contreras,* 341 F.3d 791, 794 (8th Cir. 2003) (quoting *United States v. Piggie,* 316 F.3d 789, 796 (8th Cir.2003)); *United States v. Bell,* 94 F3d 649, at *1 (8th Cir. 1996) (offenses were separate and not part of a commons scheme or plan where they were committed two weeks apart and involved different victims).

Butler's case involves two robberies committed almost two months apart. The robberies were committed at different places of business and both involved the use of a gun. The Defendant was sentenced on the same date for both offenses, both cases involved the same attorneys and judge, yet there was no order of consolidation. The Court concludes that, given the Eighth Circuit case law together with the facts and argument presented, the prior offenses in ¶¶ 53 and 54 are not "related" inasmuch as they did not occur on the same occasion, were not part of a "single common scheme or plan," or "consolidated for trial or sentencing." The objections relating to this issue are denied.

### *¶ 59 - Gang Membership and Association*

The Defendant's objections to the information in ¶ 59 are denied, as the information appears to have been found in Omaha Police Department records and does not affect the Defendant's sentencing guideline calculation.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 48) are denied as follows:

    a.    the Defendant's objections to ¶¶ 21 and 31 are denied as moot, and the denial is without prejudice in the event that these Tentative Findings with respect to ¶¶ 37-51, 53-54 and 58 are altered at sentencing;

    b.    the Defendant's objections to ¶¶ 37-51, 53-54, 58 and 59 are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 14th day of August, 2007.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          United States District Judge