IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:07CR98** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JAY C. BUTLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 87). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Butler pleaded guilty to the following counts of the Indictment: I (conspiracy to distribute cocaine base); III (being a felon in possession of a firearm); V and VI (forfeiture). Butler was sentenced to 144 months imprisonment on Count I and 120 months to be served concurrently on Count III. (Filing No. 61.) A direct appeal was not filed. In his plea agreement, Butler agreed to waive his right to file an appeal as well as his right to file a § 2255 motion. He reserved his right to file a § 2255 motion with respect to arguing specific issues including ineffective assistance of counsel.

In his § 2255 motion, Butler argues that his attorney was ineffective for failing to argue the following: the expected sentencing guideline amendment should be applied in

Butler's case, lowering his base offense level by 2 levels as his offense involved cocaine base; and his two qualifying prior robbery convictions were "related" and therefore he should not have been classified as a career offender.

In order to establish ineffective assistance of counsel, Butler must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Contrary to Butler's assertions, his counsel objected at every possible stage to both of the issues he raises. (Filing Nos. 49 (plea hearing); 57 (PSR Addendum reflects objections made to probation officer; 48 (objections to PSR); and 52 (objections to Tentative Findings).) The issue regarding his base offense level was decided against him because that issue was mooted by his career offender status. He waived his right to appeal sentencing issues, including the issue of his career offender status. Therefore, it is clear from the record that Butler cannot prove either prong of the *Strickland* test.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 87);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 87) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge